J. H. SMITH V. WELCOME SMITH.

FILED APRIL 10, 1896.   No. 6361.

1. **Review: CONFLICTING EVIDENCE.** When the verdict is warranted by the proof on conflicting evidence it will not be set aside.

2. ———: ———. Evidence considered, and *held* to have been sufficient to sustain the verdict.

ERROR from the district court of Hamilton county. Tried below before BATES, J.

*E. J. Hainer*, for plaintiff in error.

*M. Randall, contra.*

NORVAL, J.

This was an action by Welcome Smith against J. H. Smith to recover the sum of $50 and interest thereon alleged to be due from the latter to the former on account of a land deal. Upon a trial to a jury the plaintiff recovered a verdict, upon which judgment was subsequently rendered, and the defendant has brought the record here for review.

No legal proposition is presented for our consideration. The only question in the case is whether or not the verdict is sustained by the proofs. The uncontradicted evidence discloses the following facts: In 1886, John Viotle commenced an action in the district court of Hamilton county against N. B. Kizer, Welcome Smith, the plaintiff herein, and several others to foreclose a mortgage upon certain real estate situate in the said county near the town of Phillips. Subsequently, Rebecca B. Hitchcock, through her attorney, J. H. Smith, the defendant herein, intervened and filed an answer and cross-petition in the cause setting up a first mortgage upon the same premises, and praying a foreclosure thereof. On the 2d day of May, 1887, a decree was en-

tered foreclosing both mortgages, the mortgage of Hitch-
cock being declared the first lien upon the premises for
the sum of $566.95, and Viotle was awarded a second
lien for the sum of $194.54, both sums to draw ten per
cent interest from the date of the decree. An order of
sale was subsequently issued, and on the 17th day of
September, 1887, the mortgaged real estate was sold
thereunder by the sheriff to said Welcome Smith for the
sum of $800. No portion of the bid was paid down. On
October 5, 1887, the defendant herein wrote a letter to
plaintiff's attorney, W. R. Bacon, Esq., of Grand Island,
but now located at Los Angeles, California, urging the
payment by plaintiff of the amount of his bid at once.
The next day plaintiff went to Aurora and saw defendant
in regard to the matter. Court was then in session, and
the latter urged strongly the payment of the money so
the sale might be confirmed. It was finally arranged that
plaintiff should pay $400 to the defendant, as attorney
for Hitchcock, and plaintiff would negotiate a loan to
raise the remainder of the purchase money. The $400
was paid as agreed. At the same time some sort of an
understanding was had between plaintiff and defendant
to the effect that if the former could not raise the re-
mainder of the purchase price, the latter would do so,
and the bid was to be assigned to him. Plaintiff at-
tempted to make a loan upon the premises, but did not
succeed in his efforts. On October 11, 1887, plaintiff and
his attorney, Mr. Bacon, went to Aurora to see the de-
fendant for the purpose of making a settlement of the
matter. They saw the defendant, an understanding be-
tween the parties was reached whereby the plaintiff
transferred his bid to the defendant, and his interest in
the premises, and the latter on said day returned to the
former the $400 already mentioned. The defendant also
agreed conditionally to pay plaintiff $50, as a bonus.
The sheriff thereafter made return of the order of sale,
naming therein the defendant as purchaser. On the 8th
day of May, 1888, the sale was approved and confirmed

by the court.   It is to recover the above sum of $50 that this action was brought, the plaintiff claiming that the condition or stipulation accompanying the agreement to pay said sum has been fulfilled, and therefore a cause of action has accrued in his favor for the money.   There is no dispute but that the defendant agreed to pay plaintiff $50 on account of the transaction already mentioned. The controversy is one over the condition or conditions accompanying the promise to pay.   The plaintiff insists that the sole condition imposed was that the sale should be confirmed by the court in the name of the defendant as purchaser.   While the defendant contends that he was to pay the plaintiff $50, providing the sale was confirmed; that the defendant should make sale of the premises to one Alfred W. Mason, at the time a prospective purchaser, and that Mr. Bacon should obtain a loan for the latter on the land of $700 at eight per cent interest.   No sale of the property to Mason was effected, nor was the loan to him made; so if the agreement was as defendant insists no recovery can be had in this case. There were but three persons present when the contract in question was made,—plaintiff, defendant, and Mr. Bacon,—and they gave testimony upon the trial.

The plaintiff testified positively that the sole condition attached to the agreement of the defendant to pay him $50 for his interest was that the sale should be confirmed in the name of the defendant.

Mr. Bacon testified, by deposition, to the agreement of the defendant to pay the plaintiff the sum stated, if certain contingencies should happen, the nature of which the witness did not remember.

· The defendant's testimony sustains his own contention as to the terms of the agreement, and his is, to some extent, corroborated by the letters which passed between himself and Mr. Bacon subsequent to the date of the settlement, and which are found in the bill of exceptions. The defendant also gave testimony to the effect that, on May 7, 1888, prior to the confirmation of the sale, plaint-

iff came to see him about the payment of the $50, when defendant informed him that he did not intend to take the land, and urged plaintiff to raise the money, stating that if he did not do so defendant would have the sale set aside; that plaintiff replied: "If you don't have the sale confirmed, and let me go home, I think I can raise the money in two or three days. If I cannot raise the money I will send you word, and you can have the sale confirmed in your name and you take it at the bid." The witness further testified that they both went to Mr. Valentine, the then sheriff, and plaintiff stated to the officer that if he sent the money the sale was to be confirmed in his name, otherwise the defendant was to take the property at the bid and pay nothing more, and the sheriff was to change his return on the order of sale, to show that defendant was the purchaser; that on the next day the following letter was received from the plaintiff, which was introduced in evidence:

"GRAND ISLAND, May 8, 1888.

"*Mr. J. H. Smith.*—DEAR SIR: You can have the sale confirmed in your name, and I will see you when you come to Grand Island.

"Respectfully,          WELCOME SMITH."

The defendant is corroborated by the testimony of F. E. Valentine, the officer who made the sale, as to the conversation mentioned above as having taken place May 8, while the plaintiff in his testimony denies that any such conversation occurred.

The testimony adduced is hopelessly irreconcilable, not only as to the terms of the contract entered into on October 11, but whether the same was subsequently modified or rescinded by the parties. The jury heard the witnesses, weighed their evidence, and decided all conflict therein in favor of the plaintiff, and the trial court approved the same by refusing a new trial. Their finding cannot be disturbed by us, unless shown to be clearly and manifestly wrong, or without sufficient evidence to support it. We have thrice read the testimony

and find that that introduced by the plaintiff is not only reasonable and consistent in all its parts, but if accepted as true, and disregarding the proofs on the other side, it makes out the cause of action alleged.   Under the evidence the jury could have returned a verdict for the defendant, but as there is not a total want of evidence upon any essential point to sustain the verdict, it must stand. This is in accordance with the well established rule in this court.   The judgment is

AFFIRMED.